TRUYOL & COMPANY, PLAINTIFFS AND APPELLANTS, *v.* WEST INDIA OIL COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Guayama in an Action for Damages.

No. 1685.—Decided May 10, 1918.

DAMAGES — MASTER AND SERVANT — EMPLOYER'S LIABILITY. — The jurisprudence established by this court in the case of *Vélez* v. *Llavina*, 18 P. R. R. 634, is not that the owner of an automobile is liable for the acts of his chauffeur only when the automobile is a part or the whole of a public transportation concern. If the automobile is used in the service of any business and the chauffeur is an employee of said business concern and causes the damage in the discharge of his duties, the concern is responsible for the acts of its employee according to said jurisprudence and to sections 1803 and 1804 of the Civil Code.

ID.—DILIGENCE.—It not having been expressly alleged or proved that the defendant acted with the diligence of a good father of a family in relation to this case, the exception provided for in the last paragraph of section 1804 of the Civil Code is not applicable.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellants.

·*Messrs. Charles Hartzell* and *F. Ramírez de Arellano* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages. The plaintiffs allege the following facts in their complaint:

1. That Miguel Truyol & Company are a commercial part-

nership duly organized under the laws of this Island and domiciled at Guayama and the defendant is a corporation represented by C. H. Wanzer, its special agent in Porto Rico.

2. That plaintiff Miguel Truyol is the owner of a freight truck used for transporting the merchandise sold by his said firm and running especially between Guayama and Cayey, its registered number being Porto Rico No. 1770 and it being operated on or about June 8 of that year by Adrián Carmona, whose chauffeur license is No. 1216. The defendant is a company engaged in the sale of petroleum and its products, doing business throughout the Island of Porto Rico and delivering the goods which it sells, and on or about June 8 of that year it possessed, owned, or used in its business a freight truck registered as No. 598 of Porto Rico and driven by Luis Santos, *alias* Pachacho, whose chauffeur license is No. 5220.

3. The plaintiffs allege that on June 8 of that year their truck was transporting a load of their merchandise to Cayey; that very near Jájome Alto, of the Municipality of Cayey, on the highway from Guayama to the said municipality, the plaintiffs' chauffeur and other employees accompanying him saw the said motor truck of the defendant approaching from the opposite direction, *i. e.*, from Cayey to Guayama, carrying merchandise or going for a cargo. That the driver of the truck of the plaintiffs immediately turned to his right at the usual distance from the other car and sounded the horn to warn the driver of the defendant's truck, who could see him plainly. That before the plaintiffs' truck arrived at the curve near the Governor's country house on the said highway and notwithstanding the fact that the driver of the plaintiffs' truck was sounding the horn, the defendant's truck, which was traveling at full speed on a down grade, instead of turning to its right was negligently driven against the truck of the plaintiffs, which received the full force of the impact on its left front, causing the damages which will be mentioned later. The plaintiffs allege that the chauffeur of their truck drove it diligently and carefully and that the

chauffeur who operated the defendant's truck was driving at high speed and had time and opportunity to avoid the collision.

5. The plaintiffs allege that as a result of said collision their truck was rendered useless; that it could not continue its journey and it was necessary to lighten the load and convey the goods to their destination by other means. The plaintiffs "further allege that in consequence of the said collision they have suffered damages to their property, the damages to the truck being as follows: (Here follows a specification of the damages amounting to $650.)"

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and the defendant then answered the complaint as follows:

"1. It admits the first allegation of the complaint.

"2. It denies the second allegation of the complaint because of lack of sufficient information regarding the details therein contained, but alleges that the defendant owns a private truck for its own exclusive use and that it is operated by a chauffeur named Luis Santos, *alias* Pachacho.

"3. It denies the third allegation of the complaint in the form in which it is made and alleges that on June 8 of that year the defendant's truck was going on the right side of the road towards Guayama and that the truck of the plaintiffs was approaching in the opposite direction, or towards Cayey, in the middle of the road; that near the ward of Jájome Alto and upon rounding a curve the front part of the plaintiffs' truck, due to the fault and negligence of its driver, collided with the rear of the defendant's truck, breaking one of the spokes of the left rear wheel.

"4. It denies the fourth allegation of the complaint and alleges that the accident was due solely to the fault and negligence of the chauffeur who was driving plaintiffs' truck, and alleges also that defendant's chauffeur acted with care and diligence, doing everything possible to avoid the accident. That the defendant's truck was sounding its horn, whereas the plaintiffs' truck gave no indication of its approach and was traveling at high speed.

"5. It denies the fifth allegation of the complaint and especially

that the plaintiffs were damaged to the amount of $650 or any other sum.''

After the trial the district court made the following findings of fact:

''1. That the plaintiffs are a commercial partnership doing business in Guayama and the defendant is a corporation duly authorized to do business in the Island and engaged in the sale of mineral oils.

''2. That the plaintiffs are the owners of a motor truck, license No. 1770, used in transporting the merchandise sold in their store. And the defendant is engaged in the sale of mineral oils in Porto Rico and owns another motor truck, license No. 593, which it employs for the transportation of the articles which it sells in its business.

''3. That on June 8, 1916, and on the highway between Cayey and Guayama a collision occurred between the said trucks, the one belonging to the plaintiffs being driven by chauffeur Adrián Carmona, license No. 1216, and that of the defendant by chauffeur Luis Santos, *alias* Pachacho, license No. 5220, the evidence showing that both drivers are competent and expert in the operation of automobiles.

''4. That as a result of the collision the plaintiffs' truck sustained the following damages: Breakage of crank case; breakage of the two front springs; unlevelling of chassis; breakage of left mudguard; breakage of oil box; unlevelling of steering gear; breakage of radiator; breakage of clutch spring. That by reason of the said collision and breakages the plaintiffs have suffered the following damages: Repair of crank case, $115.50; repair of front springs, $42; levelling of chassis, $10; repair of left mud-guard, $15; oil box, $5; repair of steering gear, $5; repair of clutch spring, $1; installation of new radiator, $183.50; work of mounting pieces and making necessary repairs, $90; freight and cablegrams, $31.69; total, $503.69.

''5. That at the time of the accident the plaintiffs' truck was traveling uphill on the road from Guayama to Cayey and the defendant's truck was going downhill on the road from Cayey to Guayama, both trucks being loaded. It appears from the evidence that the plaintiffs' chauffeur saw the defendant's truck at some distance before it rounded the curve of the highway where the collision took place, and it appears also from other testimony that before reaching the scene of the accident defendant's truck was running at high speed; that when the two trucks met the dedefendant's chauffeur undertook

to pass the truck of the plaintiffs and succeeded in getting the front part of his truck through the space between plaintiffs' truck and the side of the road, but the rear of defendant's truck struck the front of plaintiffs' truck, causing the damages mentioned and wounding Bautista Montañez who was standing on the truck of the plaintiffs near the left mud-guard; that the rear part of the body of the defendant's truck collided with the front of plaintiffs' truck. The manner in which the collision occurred and the damaged parts of the truck of the plaintiffs show negligence and carelessness on the part of defendant's chauffeur in passing the plaintiffs' truck on the curve without observing proper care and prudence, for he failed to take into account that in making a curve the rear wheels of his truck must describe a smaller circle on the road than the front wheels; that is, in taking a curve the rear wheels must pass closer to plaintiffs' truck than the front wheels, and that is why the front part of his truck could pass without colliding while the rear part could not; for taking into account the width of the road and of the two trucks and the fact that the bodies of the said trucks are from five to six meters long, the defendant's truck was bound to collide with the left front end of plaintiffs' truck in rounding the curve in the manner in which it did unless great care were exercised. The violence of the impact and the damages caused force us to the conclusion that the defendant's truck was running at a higher rate of speed than was prudent in view of the conditions under which the trucks met, for if it had been running at the minimum rate of speed the defendant's chauffeur could have stopped the truck instantly and if a collision had occurred the damage would have been very slight. And the evidence shows that the defendant's truck was not stopped until after it had gone some meters beyond the plaintiff's truck. After an examination of this evidence no doubt remains that the collision was caused by the fault and negligence of the defendant's chauffeur. The plaintiffs sought to prove that the brakes of the defendant's truck were defective, but that evidence only tended to show that on other occasions the brakes had been in a defective condition and did not demonstrate that on the day of the collision they were unserviceable or defective. It further appears from the evidence that both the plaintiff's chauffeur and the defendant's chauffeur have had some years of experience and are competent to perform their duties.''

Although the district court found, as we have seen, that

the collision was due to the negligence of the defendant's chauffeur and that by reason of the accident the plaintiffs were damaged in the sum of $503.69, it rendered judgment dismissing the complaint, because, in its opinion, the defendant corporation, the owner of the motor truck, was not liable for the faulty or negligent acts of its chauffeur according to the jurisprudence laid down in the case of *Vélez* v. *Llavina*, 18 P. R. R. 634.

The plaintiffs thereupon took the present appeal, assigning the following two errors: (1) That the court based its judgment on a plea which was not raised by the complaint; (2) that the court erroneously construed section 1803 of the Civil Code, on which the plaintiffs' action is based.

It is true that an analysis of the defendant's answer justifies the conclusion that it accepted the issue as raised by the plaintiffs and did not attempt to elude liability for the acts of its employee. It denied that its chauffeur had been negligent and alleged "that the accident was due solely to the fault and negligence of the chauffeur who was driving the plaintiffs' truck."

However, conceding that the defendant's demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action may raise the question of whether or not the defendant is liable for the acts of its employee, we will proceed to consider and decide the same.

Section 1803 of the Civil Code provides that—

"A person who by an act or omission causes damages to another when there is fault or negligence shall be obliged to repair the damage so done."

And section 1804 prescribes that—

"The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible. * * * Owners or directors of an establishment or enterprise are equally liable for

the damages caused by their employees in the service of the branches
in which the latter may be employed or an account of their du-
ties.   *   *   * ''

In the case cited by the trial court, *Vélez* v. *Llavina, supra,*
this court fully considered the scope of the statutes quoted.
The following paragraph from the majority opinion ex-
plains the conclusion reached and applied by the court:

''Thus, then, inasmuch as in the cases specified in section 1804
of the Revised Civil Code, the owner of an automobile or vehicle is
not made responsible for the acts, involuntary fault, or negligence
on the part of his employee, acting as chauffeur, if the same does
not form part of a public-service enterprise, which latter circum-
stance has not been proven, we must conclude that the plaintiff has
no cause of action against José Llavina, owner of an automobile in-
tended for his private use, which, while piloted by chauffeur Juan
Gonce, caused the damages complained of by Pastor Vélez Toro.''
*Vélez* v. *Llavina,* 18 P. R. R. 644.

It would seem that the district court has construed the
decision of this court in the said case of *Vélez* v. *Llavina* in
the sense that liability on the part of the owner of an auto-
mobile for the acts of his chauffeur exists only when the auto-
mobile forms part of or itself constitutes a public transpor-
tation service.

If that interpretation is correct, the conclusion reached by
the district court in this action would be correct also, for it
is obvious that the defendant's truck did not form part of
or constitute alone a common-carrier enterprise.

That interpretation, however, oversteps the jurisprudence
laid down by this court.

It is true that in its opinion this court said that in order
that Llavina's automobile might be considered a public enter-
prise it must have been regularly engaged in the carrying
business, transporting from place to place anybody who paid
the proper fare, and that the fact of his hiring his private
automobile to certain friends, but not to everybody, does not

imply that his automobile was engaged in the business of carrying passengers; but it is also true that these words were used in discussing the question of law raised by the appellant in his brief to the effect that the defendant owned at the time of the accident an automobile enterprise for the carrying of passengers, of which the automobile which caused the accident for which the plaintiff claimed damages formed a part.

The word "enterprise" came up in the case of *Vélez* v. *Llavina* for consideration in connection with a business for the conveyance of passengers, and it was held that such a business was not established by defendant Llavina, who simply owned an automobile for his private use.

The word "enterprise" is used in this particular case which we are considering in relation to the general business of a company. "The defendant," says the district court in its findings of fact, "is engaged in the sale of mineral oils in Porto Rico and owns another motor truck, license No. 593, which it employs for the transportation of the articles which it sells in its business."

In our opinion this case falls clearly within the scope of that part of said section 1804 which refers to the liability of owners of establishments. The truck in question was a component part of the business of the defendant. The chauffeur was a servant or employee of the company in that branch of its business and was acting as such when he caused the damages complained of by the plaintiffs. Therefore, the liability of the company is actionable under the law.

The district court also says in its opinion that the exception established by said section 1804 is applicable.

Said exception is stated in the last paragraph of said section and reads as follows:

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

Although this defense was not pleaded by the defendant and no special evidence was introduced in support of it at the trial, the lower court deduced it from the testimony of the defendant's chauffeur to the effect that he had been a chauffeur for eleven years, during four of which he had driven motor trucks.

In such circumstances the exception cannot be applied in favor of the defendant. It was not expressly alleged, as it should have been, nor is the evidence sufficient to warrant the conclusion that in the present case the defendant exercised the diligence of a good father of a family.

Having considered and decided the foregoing questions, nothing remains but to examine the evidence. It was contradictory as to whether the collision was due to the negligence of the defendant's or the plaintiffs' chauffeur. The court adjusted the conflict adverse to the defendant and after examining all of the evidence we are of the opinion that the trial court was entirely justified in so doing. Likewise, we are of the opinion that its finding as to the proof of the damages actually caused was correct.

In view of all the foregoing we are of the opinion that the appeal should be sustained, the judgment appealed from reversed and another rendered adjudging that the defendant pay to the plaintiffs the sum of $503.69, without special imposition of costs.

*Reversed.*

Mr. Justice Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.